*875 OPINION.
Teussell:
The petitioner contends that pursuant to the agreement of May 5, 1926, it acquired automobiles, parts, accessories, and machinery at a cost of $9,837.07 and a Chevrolet dealer’s contract expiring in August, 1926, at a cost of $5,000; that the Mofield Motor Sales Company had no good will of any value; that the said $5,000 was paid merely for the privilege of doing business from May to August, 1926, and constituted a deductible business expense for that year.
We have heretofore held that in a capital transaction such as that involved in this proceeding, an amount paid in excess of the value of tangible assets purchased is not a deductible business expense, but constitutes a capital expenditure. Cf. First National Bank of Omaha, 17 B. T. A. 1358; Panyard Machine & Mfg. Co., 17 B. T. A. 1053; Bank of Terrebonne & Savings Bank, 19 B. T. A. 1286.
In his brief counsel for petitioner contends, in the alternative, that since no good will was acquired the $5,000 represents the cost *876 of a contract which had a life of about four months within the taxable year 1926, and that such cost should be written off during that year. In our opinion the said $5,000 was not paid solely for the Chevrolet dealer’s contract. The Mofield Motor Sales Company was a going concern and petitioner’s incorporators paid $14,337.07 to purchase it. The amount of $9,337.07 was paid as the value of the tangible assets used in that business and an additional $5,000 was paid to secure the going business, the Chevrolet dealer’s contract, and the good will, if any, attached to that established and going automobile sales and repair shop business. We think it immaterial that petitioner found the good will to be of little or no value, for the assets and the going business of the Mofield Motor Sales Company were purchased as a whole and we see no basis for apportioning the $5,000 between the Chevrolet contract, the good will, if any, and a bonus for the going business.

Judgment will be entered for the respondent.